Davis, J.
The relator’s chief contention is that upon the undisputed facts the judgment of the court below should have been in his favor. The undisputed facts, or at least such of them as are necessary for our present purpose, are, that the council numbered eight members; that all of the members Avere present at the meeting on the 17th day of April, 1899; that the may- or presided at that meeting;that an election was then held for the office of city clerk; that four votes were cast for the relator, two votes for the defendant, and two votes for a third person, and that the clerk announced the result of the vote. Thereupon, after some parley, the two members who had voted for the third candidate changed their votes to the defendant causing a tie, and the mayor then cast his vote for the defendant and declared him to be elected. Whether the mayor did, or did not declare the relator elected, before the change of votes, is a disputed question and not very material. The statute (Revised Statutes, *445 sec. 1676) declares that the members of the city council shall elect the clerk and other officers. It is provided that in cities of the second class the mayor, by virtue of his office, shall preside at the organization of the council; but he is not a member of the city council, and it is not provided that he shall participate in the election, except in case of a tie vote. That contingency did not arise in this case, unless the two members who changed their votes to the defendant, might lawfully do so after a vote had been taken and the result ascertained.
But the vote having been cast, and the result having been announced to the council by the clerk, by which it was apparent that the relator had received a plurality of the votes cast, the function of the council was discharged. State ex rel. Attorney General v. Anderson, 45 Ohio St., 196. The election was complete. The formality of a declaration by thé presiding officer of the council could neither add to, nor detract from, the thing which had already been done. The right of the relator to qualify and to be inducted into the office was fixed eo instante.
The council was engaged in the duty of electing officers, a duty imposed on the members thereof, not on the body as a council. They were not engaged in the deliberative business which is the ordinary work of the council; but in the election of a city officer. They were not acting under parliamentary law; but were casting their votes and making their choice as required by a specific statute. They could make this choice but once. Having done so they could not reconsider it. Much less, could some of them against the protest of á plurality, under the suggestions or invitations of the presiding officer or sua sponte, change their votes. This would give to the minority the power of defeating the choice of a plurality *446 which had already been, legally made and ascertained. See Reg. v. Donoghue, 15 U. C. Q. B., 454; and Hopkins v. Swift, 87 S. W. Rep., 155.
The relator was duly elected city clerk and must he inducted into the office.

Judgment reversed and judgment of ouster against defendant.